ORIGINAL

cc: JMS/WRP/π

JOHN P. DUNBAR
192 Kaokoa Way
Haiku, Maui, Hawai'i 96708
Phone: (808) 573-5722
E-mail: john.p.dunbar@gmail.com

Plaintiff, *Pro Se*

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 05 2019

at 11 o'clock and 20 min. A M
SUE BEITIA, CLERK

PAID.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| JOHN P. DUNBAR,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>AIRBNB, INC.,<br><br>　　　　Defendant. | CIVIL NO. CV19 00648 JMS WRP<br>(Other Civil Tort: Defamation)<br><br>COMPLAINT FOR DAMAGES;<br>DEMAND FOR JURY TRIAL;<br>SUMMONS |

## COMPLAINT FOR DAMAGES

Comes now Plaintiff JOHN P. DUNBAR, *pro se*, alleges as follows:

### INTRODUCTION

(1)　This is an action for defamation arising from the Defendant's deliberately false and malicious accusations that Plaintiff perpetrated the crime of "domestic violence" on December 8, 2017.

Received By Mail
Date 12/5/19

Mailed On
Date 12/5/19

## JURISDICTION AND VENUE

(2)     Jurisdiction is proper in this case pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of interests and costs.

(3)     Venue is proper in the District of Hawai'i because the events giving rise to the claims occurred in Haiku, Maui, Hawai'i, and the named Defendant is a registered California corporation doing business in the State of Hawai'i.

## PARTIES

(4)     Plaintiff John P. Dunbar [hereinafter "Plaintiff"] is an accomplished a renown and well-respected Ironman triathlete, honorably retired U.S. Navy SEAL, Vietnam-era Veteran, and successful entrepreneur who resides in Haiku, Maui, Hawai'i and is and has been a citizen of the State of Hawai'i at all times relevant hereto. Plaintiff has his principal place of business (dba "Maui Adventure Villa") and residence at 192 Kaokoa Way, Haiku, Maui, Hawai'i 96708.

(5)     Plaintiff is informed and believes and thereupon alleges that Defendant Airbnb, Inc. [hereinafter "Defendant"] is and has been a registered California corporation doing business in the State of Hawai'i at all times relevant hereto. Defendant has its principal place of business in the State of California at 888 Brannon Street, San Franscisco, California 94103.

## FACTUAL ALLEGATIONS

(6)     Commencing on December 8, 2017, Defendant recklessly and/or intentionally posted a statement on the Internet and disseminated same to multiple third persons asserting that Plaintiff perpetrated "domestic violence" while operating his internationally-marketed bed and breakfast business, Maui Adventure Villa, as a registered Airbnb host.  Defendant stated the

following in at least one instance of its false and libelous e-mail communications while referring to Plaintiff as "host": ***"Conclusion: Removed host per domestic violence...*"* (Emphasis added).

(7)     Plaintiff contends that the aforementioned statement was and is entirely false, fabricated, and fictional.

(8)     Plaintiff contends that the aforementioned statement was published by the Defendant with knowledge of its falsity or a high degree of awareness of its probable falsity and without good faith or honest belief in its truth.

(9)     Plaintiff is informed and believes, and thereupon alleges that the aforementioned statement constitutes libel *per se* because it imputed criminal conduct, crime of violence, and unfitness in Plaintiff's chosen profession as vacation rental host.

(10)    The Defendant did not have permission and was in no way privileged to publish its statement about Plaintiff in which he is characterized, labeled, and branded as a perpetrator of domestic violence. Defendant made no attempt to correct its wrongs after Plaintiff articulated the actual circumstances giving rise to the malicious accusation by Defendant and subsequently after Defendant admitted the wrongs. The conduct of Defendant described herein is wanton and oppressive, thus warranting the imposition of punitive damages against Defendant in amounts to be proved at trial but sufficient to punish Defendant and deter them from repeating its conduct.

(11)    As a direct and proximate result of the Defendant's defamatory statement Plaintiff has suffered injuries to his personal and professional reputations in amounts to be proven at trial.

(13)    As a direct and proximate result of the foregoing Plaintiff has suffered embarrassment, emotional distress, and sadness at the allegations of Defendant having implicated and accused Plaintiff of doing harm to his deceased friend whose pain and suffering is what gave rise the allegations against Plaintiff; Plaintiff has continued to grieve the loss of his

3

friend and he continues to feel anger and anxiety from the malicious conduct of Defendant in amounts to be proven at trial.

          **WHEREFORE** Plaintiff prays for relief as follows:

(1)     For compensatory general and special damages in amounts and according to the proof thereof at trial;

(2)     For punitive damages in an amount to be proved at trial;

(3)     For reimbursement of Plaintiff's pre- and post-judgment costs, expenses and interest herein, including reimbursement of reasonable attorneys' fees; and

(4)     For other such and further relief as this Court deems just and equitable.

Under Federal Rule of Civil Procedure 11, and as a pro se litigant, I, John P. Dunbar, certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11. A. I further agree to provide the Clerk's Office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

          DATED: Haiku, Maui, Hawaiʻi, December 2, 2019.

                                                    */s/ John P. Dunbar*
                                                    JOHN P. DUNBAR

                                                    Plaintiff, *pro se*